**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| CBI INVESTORS, INC., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. |
| | ) |
| CHICAGO TITLE INSURANCE | ) |
| COMPANY, et al., | ) |
| | ) |
|    Defendants. | ) |

## NOTICE OF REMOVAL

COMES NOW Defendant Chicago Title Insurance Company ("Chicago Title"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes the above-captioned case, which was filed in the District Court of Montgomery County, Kansas, Cause No. MGC-2024-CV-29, to the United States District Court for the District of Kansas. This case is being removed to this Court because, based on the allegations contained in the Petition, there is complete diversity of citizenship between Plaintiff and Defendant Chicago Title, as Security 1st Title, LLC ("Security 1st") was fraudulently joined as an additional defendant to defeat diversity jurisdiction, and more than $75,000 is in controversy. As grounds for removal, and expressly reserving all rights otherwise to respond to this lawsuit, Chicago Title states as follows:

### Background

1. On October 16, 2024, Plaintiff CBI Investors, Inc. ("Plaintiff"), as assignee of a certain claim asserted by Community State Bank ("CSB"), commenced this action against Chicago Title and Security 1st in the District Court of Montgomery County, Kansas, Cause No. MGC-2024-CV-29.

2.      Plaintiff's Petition asserts a single claim for breach of contract against Chicago Title and Security 1st relating to a certain policy of title insurance insuring a certain mortgage that Chicago Title issued to CSB (the "Policy").

3.      Plaintiff alleges in paragraph 11 of its Petition that Security 1st is Chicago Title's "issuing agent," which allegation is incorporated into Plaintiff's breach of contract claim, and the Policy itself also clearly reflects that Security 1st is Chicago Title's agent.

4.      More specifically, Plaintiff alleges that Chicago Title, as a disclosed principal acting through its agent Security 1st breached the Policy by failing to pay losses initially suffered by CSB, for which CSB filed a claim, as a result of a defective mortgage. (Petition, pgs. 5-6).[1]

5.      As to Security 1st, Plaintiff alleges Security 1st, as agent for Chicago Title, issued the Policy and, therefore, committed the same breach allegedly done Chicago Title. (Petition, pgs. 5-6).

6.      On November 1, 2024, Plaintiff served Chicago Title with a copy of the Summons and Petition.

7.      On October 18, 2024, Plaintiff served Security 1st with a copy of the Summons and Petition.

8.      Chicago Title filed this Notice of Removal within thirty (30) days of when the Summons and Petition were served. As a result, removal is timely under 28 U.S.C. § 1446(b).

---

[1] Plaintiff asserts that it is the assignee of a certain "claim" initially asserted by CSB without proof of such assignment. (Petition at ¶ 2). Such claim appears to form the basis of the Petition and breach of contract claim. Therefore, Chicago Title, by filing this Notice of Removal, does not waive and expressly reserves its right to respond and contest such assignment in all future proceedings in this case.

*See Murphy Bros.*, *Inc. v. Michetti Pipe Stringing*, *Inc.*, 526 U.S. 344, 348-49 (1999).

9. Removal to this Court is proper because the District of Kansas, Wichita, is the district embracing the place (Montgomery County, Kansas) where the action was filed and where D. Kan. Local 81.1(b)(3) requires removals from the 14th District (Montgomery County, Kansas) to be filed. *See* 28 U.S.C. § 1441(a); *see also* D. Kan. Local Rule 81.1(b)(3). A copy of the State Court Petition is attached hereto as EXHIBIT 1.

10. As required by 28 U.S.C. § 1446(a), Chicago Title will submit "a copy of all process, pleadings, and orders served upon" it, which comprise the complete state court file.

11. As discussed above, and as set forth more fully below, this Court has jurisdiction over this action under 28 U.S.C. §§ 1332 and 1446(b) because: (1) there is complete diversity of citizenship between Plaintiff and Defendant Chicago Title; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; (3) Chicago Title has satisfied all necessary procedural requirements; and (4) removal of this action is not prohibited by 28 U.S.C. § 1445.

## Basis for Removal

12. Title 28 U.S.C. § 1441(a) controls the circumstances in which a party may remove a state civil action to a United States District Court, and provides that:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

13. Pursuant to 28 U.S.C. § 1332(a), the United States District Courts maintain original jurisdiction of all civil actions between citizens of different States where the matter in controversy exceeds the sum of $75,000.

3

14. Removal of this action is proper under 28 U.S.C. §§ 1441(a) and 1332(a) because complete diversity of citizenship exists between Plaintiff and Defendant Chicago Title and the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.

**A.      Diversity of Citizenship Exists.**

15. For purposes of removal, a corporation is a citizen of the state in which it is incorporated and has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). The phrase "principal place of business" in 28 U.S.C. § 1332(c)(1) refers to the place where a corporation's high-level officers direct, control, and coordinate the corporation's activities, *i.e.*, its "nerve center," which typically will be found at its corporate headquarters. *Id.*

16. As alleged in the Petition, Plaintiff is a Kansas corporation with its principal place of business located in Coffeyville, Kansas. (Petition, pg. 1).

17. Chicago Title is a corporation organized under the laws of the State of Florida and has its principal place of business in Jacksonville, Florida. Thus, for purposes of diversity jurisdiction, Chicago Title is a citizen of Florida.

18. A limited liability company is treated as a partnership for purposes of diversity jurisdiction, and its citizenship is determined by the citizenship of the LLC's members. *FLT Douglas Equity, LLC v. Talos Holdings, LLC*, No. 18-2669-DDC-KGG, 2019 WL 3288507, at *2 (D. Kan. July 22, 2019) (citing *Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990)).

19. Security 1st is a limited liability company, and, therefore, its citizenship for purposes of diversity jurisdiction is determined by its members. *See Carden*, 494 U.S. at 187-92; *FLT Douglas Equity, LLC,* 2019 WL 3288507, at *2. According to information filed with the Kansas Secretary of State, Security 1st appears to have 5 members (Michael J. Brown,

4

Jennifer L. Weast, Craig L. Burns, David Armagost, and First American Title Insurance Company). All of the individuals are residents of the State of Kansas. First American Title Insurance Company is a Nebraska corporation with its principal place of business in California. Thus, for purposes of diversity jurisdiction, Security 1st is a citizen of Kansas, Nebraska, or California.

20. In any event, the citizenship of Security 1st should be disregarded on the basis that it was fraudulently joined by Plaintiff.

21. The District of Kansas and Tenth Circuit, following longstanding Supreme Court law, have both held that "[a] plaintiff . . . cannot defeat the right of removal by fraudulently joining a nondiverse defendant who has no real connection with the controversy." *Ragsdale v. Amsted Rail Co., Inc.*, No. 13-2257-EFM-KGG, 2013 WL 6729788, at *2 (D. Kan. Dec. 19, 2013) (internal quotations omitted); *Brazell v. White*, 525 Fed. Appx. 878, 884-85 (10th Cir. 2013) (affirming district court's denial of plaintiff's motion to remand where nondiverse defendant was fraudulently joined); *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 98-99 (1921).

22. It is clear from the face of Plaintiff's Petition that it has not alleged a cognizable claim against Security 1st. Plaintiff's only claim against Security 1st, and Chicago Title jointly, (for breach of the Policy) is based on Security 1st's actions as a disclosed agent for Chicago Title.

23. Well established agency principles make clear that Security 1st cannot be held liable under Plaintiff's breach of contract claim because Security 1st was acting as an agent for its disclosed principal, Chicago Title. *See, e.g.*, *Mackey v. Burke*, 751 F.2d 322, 325 (10th Cir. 1984) (applying Kansas law) (citing *State ex rel. Carlton v. Triplett,* 213 Kan. 381 (1973))

5

("Under Kansas law, only the disclosed principal is liable on a contract executed by its agent with a third party; the agent of the disclosed principal is not liable on the contract."); *Kirkpatrick v. Seneca National Bank*, 213 Kan. 61, 515 P.2d 781, 785 (1973) ("a well-established principle of agency law" that agent for disclosed principal is not liable); *Service Iron Foundry, Inc. v. M.A. Bell Co.*, 588 P.2d 463, 470 (1978) (same).

24. Any liability for breach of contract would fall on the principal – Chicago Title – alone. As such, Security 1st cannot be liable for the breach of contract claim in Plaintiff's Petition.

25. Because Plaintiff has not stated any cause of action against Security 1st, its citizenship must be disregarded. *See, e.g.*, *Ortiz v. QuikTrip Corp.*, No. 21-2582-JAR-ADM, 2022 WL 1078437, at *3 (D. Kan. Apr. 11, 2022) (denying motion to remand where "there [was] no reasonable possibility of recovery against [fraudulently joined defendant] under Kansas law"); *Kansas State Univ. v. Prince,* 673 F. Supp. 2d 1287, 1294 (D. Kan. 2009) (acknowledging district court's authority to disregard nondiverse parties and retain jurisdiction where plaintiff could not maintain action against nondiverse party in state court).

26. Therefore, complete diversity of citizenship exists between Plaintiff and Defendant Chicago Title, and removal is appropriate.

**B.     The Amount in Controversy Exceeds $75,000.**

27. In this action, Plaintiff prays for damages "in sum of $267,970.97," along with interests, costs, and attorneys' fees. (Petition, p. 6).

28. Thus, there is no question, based on Plaintiff's own allegations, that the amount in controversy requirement of 28 U.S.C. § 1332, requiring the amount in controversy to exceed $75,000 exclusive of costs and interests, is satisfied, as pled by Plaintiff.

29. As the amount in controversy in this case is in excess of $75,000, exclusive of costs and interests, and complete diversity exists between Plaintiff and Defendant Chicago Title, this Court may exercise jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332.

### Filing of Removal Papers

30. Upon filing this Notice of Removal, Chicago Title will file a Notice of Filing Notice of Removal (attaching a copy of this Notice of Removal) with the District Court of Montgomery County, Kansas. A copy of said Notice to the Clerk will be electronically filed.

31. Likewise, on this date, Chicago Title will serve, via mail, a Notice to Plaintiff stating that a Notice of Removal to the United States District Court for the District of Kansas, Wichita, was filed, and serving a copy of this Notice of Removal upon Plaintiff. A copy of said Notice to Plaintiff will be electronically filed.

32. The original filing form, civil cover sheet, and state court docket sheet are attached hereto as EXHIBIT 2, EXHIBIT 3, and EXHIBIT 4, respectively.

33. Under the provisions of 28 U.S.C. § 1441 and all applicable statutes, all of which Chicago Title has complied with, this case is removed to the United States District Court for the District of Kansas, Wichita.

WHEREFORE, Defendant Chicago Title removes this case to the United States District Court for the District of Kansas, respectfully requests that no further proceedings be had in the District Court for Montgomery County, Kansas, and requests such other and further relief as the Court deems just and proper.

Respectfully submitted,

**LEWIS RICE LLC**

Dated: November 25, 2024						By: /s/ *Scott A. Wissel*
						Scott A. Wissel, KS #18589
						LEWIS RICE LLC
						1010 Walnut Street, Suite 500
						Kansas City, MO 64106
						(816) 421-2500
						(816) 472-2500 (facsimile)
						sawissel@lewisricekc.com

Attorneys for Defendant
Chicago Title Insurance Company

8